LEWIS E. CARR et al., Appellants, v. THE STATE OF NEW
YORK, Respondent.

State — investigation by senate of charges against senator —
compensation of attorneys for and expert witnesses called on
behalf of accused — nothing to show employment by or on
behalf of state — appropriation not an audit — act conferring
on Board of Claims jurisdiction to hear and determine not a
direction to allow — legislature may not provide for audit
by its own officers.

1. A resolution by the state senate providing for an investigation
of charges against a senator and the proceedings taken thereon
examined, and *held*, that there is nothing therein to indicate any
employment by the state of New York or by any duly authorized
official in its behalf of the attorneys for the accused senator or of
expert witnesses called by him, but that the evidence justifies the
conclusion that they were employed personally by the senator.

2. The fact that the appropriation for the year the investigation
took place was sufficient to meet the bills of the claimants and intended
to cover them does not compel payment. The appropriation was
not an audit of the bills or a direction to pay them, which would have
been in violation of section 19 of article 3 of the State Constitution.

3. Nor was chapter 274 of the Laws of 1912, conferring upon the
Board of Claims jurisdiction to hear, audit and determine the alleged
claims, any direction to the Board of Claims to allow them. Having
power to hear and determine the Board could reject.

4. The fact that the Appropriation Bill (L. 1910, ch. 513) directed
the comptroller to pay the compensation of counsel, witnesses and
stenographers upon a certificate of the chairman of the committee
or temporary president of the senate and that these certificates were
procured by the claimants did not fix the state's liability. As the
legislature was prohibited from auditing or allowing private claims
it could not escape such prohibition by providing an audit by its
own officers.

*Carr* v. *State of New York*, 189 App. Div. 881, affirmed.

(Argued March 21, 1921; decided May 3, 1921.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the third judicial department,
entered October 3, 1919, which affirmed a judgment of

the Court of Claims dismissing four claims for legal services and two for expert testimony in the Allds investigation of 1910.

*Lewis E. Carr* for appellants.   The Board of Claims erred in finding and deciding that the Appropriation Act of 1910, chapter 513 of the laws of that year, commonly called the Supply Bill, was not intended to and did not cover the claims of the claimants, and the passage of that act was not intended to and did not create any liability on the part of the state of New York, and in refusing to find, as requested by the claimants, that their claims were considered by the legislature and were included in the $175,000 appropriated in that act, and that they were certified and approved by the officials designated therein and made payable from such appropriation, to which findings and refusals to find they duly excepted.   (*Conger* v. *State*, 2 State Dept. Rep. 349.) The legislature, at the close of the investigation under the senate resolution of January 20, 1910, had the power and right to recognize and assume an obligation on the part of the state within a limit to be fixed by it to compensate the counsel employed and the witnesses produced in that investigation for their services and expenses, and to apportion the amount appropriated for that purpose to those representing the two senators personally interested therein.   (*Town of Guilford* v. *Supervisors*, 13 N. Y. 143; *Lehigh Valley R. R. Co.* v. *Canal Board*, 204 N. Y. 471; *Cayuga Co.* v. *State*, 159 N. Y. 279; *Munroe* v. *State*, 223 N. Y. 208; *Cole* v. *State*, 102 N. Y. 48; *O'Hara* v. *State*, 112 N. Y. 146; *Wheeler* v. *State*, 97 App. Div. 276; *People ex rel. Williams* v. *Dayton*, 55 N. Y. 367; *O. & S. R. R. Co.* v. *State*, 226 N. Y. 351; *United States* v. *Realty Co.*, 163 U. S. 427.)   Chapter 274 of the Laws of 1912, which conferred upon the Board of Claims jurisdiction to hear, audit and determine the claims presented, certified and approved under the appropriation made in 1910, did not

vest in that body jurisdiction to determine whether or not the legislature ought to have recognized the claims for the services and expenses of counsel and witnesses employed and produced in the investigation conducted under the senate resolution of January 20, 1910, and whether or not it had power so to do. (*Lewis* v. *State*, 112 Misc. Rep. 667; *Babcock* v. *State*, 190 App. Div. 147.)

*Charles D. Newton, Attorney-General (Carey D. Davie* of counsel), for respondent. The appellants' conclusion that the appropriation in the Supply Bill of 1910 constituted an assumption of liability on the part of the state for the payment of the claims in question is without support of law. (*Munro* v. *State*, 223 N. Y. 208.) While the legislature may recognize claims founded in equity and justice, it is powerless to audit or allow any private claim against the state. (*Munro* v. *State*, 223 N. Y. 208; *Cole* v. *State of New York*, 102 N. Y. 48; *O'Hara* v. *State of New York*, 112 N. Y. 146; *Wheeler* v. *State of New York*, 190 N. Y. 406; *People ex rel. Grannis* v. *Roberts*, 163 N. Y. 70, 74; *Cayuga Co.* v. *State*, 153 N. Y. 279; *Quayle* v. *State*, 192 N. Y. 47.) The provisions of chapter 274 of the Laws of 1912, conferring jurisdiction upon the Board of Claims to hear, audit and determine the claims in question, vested that body with authority to judicially examine, allow or reject the same in whole or in part; (*People ex rel. Myers* v. *Barnes*, 114 N. Y. 317; *People ex rel. McCabe* v. *Matthies*, 179 N. Y. 242; *Munro* v. *State*, 223 N. Y. 208; *Cole* v. *State of New York*, 102 N. Y. 48; *O'Hara* v. *State*, 112 N. Y. 146.) The proofs submitted were insufficient to establish the claims presented by the appellants and the same were properly dismissed by the trial court. (*Matter of Straus*, 44 App. Div. 425; *Roberts* v. *State*, 160 N. Y. 217.)

CRANE, J. In January of 1910 Senator Benn Conger, representing the forty-first senatorial district of New York, made certain charges against Senator Jotham P.

Allds, representing the thirty-seventh district, which resulted in a senatorial investigation of the matters alleged. A resolution was unanimously adopted reading as follows:

"*Resolved,* That the investigation asked for by the Senator from the Thirty-seventh involving charges against his integrity and the dignity of the Senate be conducted by the Senate itself, or acting as a Committee of the Whole, and that a committee of three be named by the presiding officer to formulate rules and methods of procedure and report the same to the Senate at its next regular session, January 25th."

Thereafter the following rules were adopted:

" 1. The investigation shall be conducted by the Committee of the Whole.

" 2. The Senator who is reported to have made the statements referred to by the Senator from the Thirty-seventh District in demanding the investigation may file with the clerk on or before February 1, 1910, written charges, and written and complete specifications thereof. The Senator from the Thirty-seventh District shall file his answer to said charges on or before February 4, 1910.

" 3. The Senator filing the charges, if any are filed, and the Senator against whom the same are filed, shall each be entitled to be represented and heard by counsel, and proper places for the counsel shall be assigned in the chamber. If no charges are filed, the Senator demanding investigation shall be entitled to counsel, and in such case the Senate will employ counsel if then deemed necessary.

" 4. Whether any such charges be filed or not, the Senate will proceed with the investigation demanded on the 8th day of February, 1910."

Charges having been filed and answered the senate resolved itself into a committee of the whole and hearings were had in the senate chamber and continued from day to day until the 29th day of March, 1910. Both senators were represented by counsel; those appearing

for Senator Allds being Lewis E. Carr, Danforth E. Ainsworth, Martin W. Littleton and Lewis E. Griffith.

As a result of this investigation, Senator Allds resigned his office on the day the proceedings closed.

In the supply or appropriation bill for that year (Laws of 1910, chap. 513) there was the following provision for proceedings of this nature: " For expenses of legislative committees, including compensation of counsel, witnesses and stenographers, to be paid by the Comptroller upon the certificate of the chairman of the committee and the speaker of the Assembly or president or temporary president of the Senate, respectively, the sum of one hundred and seventy-five thousand dollars ($175,000) or so much thereof as may be necessary."

The gentlemen above named appearing as counsel for Allds together with two handwriting experts presented their bills amounting in all to $17,938.60 which were approved by the chairman of the committee of the whole and the temporary president of the senate in accordance with the provision of said act.

The comptroller, however, refused to pay the bills.

In 1912 there was enacted chapter 274 of the Laws of that year which conferred upon the Board of Claims jurisdiction to hear, audit and determine these alleged claims in the words following:

" SECTION 1.   Jurisdiction is hereby conferred upon the Board of Claims to hear, audit and determine the alleged claims against the state for expenses and services of expert witnesses and compensation and disbursements of counsel employed during the investigation ordered by a resolution of the senate adopted January twenty, nineteen hundred and ten, which investigation was conducted under the rules of procedure adopted January twenty-six, nineteen hundred and ten, and to make an award and render judgment therefor against the state in favor of any such claimant for such sum as shall be just and equitable, providing the claim shall be filed

with the Board of Claims within six months from the date of the taking effect of this act."

The claims were filed within six months as required by the act, and came on to be heard before the Board of Claims which rendered its decision on the 4th day of January, 1915, dismissing them on the merits. The six claims presented have been treated as one upon this appeal, and we shall deal with them in like manner.

The findings of the Board upon which the judgment of dismissal was entered recite the resolution of the senate, the rules adopted, the proceedings had upon the investigation and decide that the services rendered by each of the claimants were rendered at the special instance and requests of Jotham P. Allds and that none of the counsel or witnesses was employed by the state senate. The Board further finds that no officer or body with authority representing the state of New York was authorized to employ these counsel or witnesses and that " no sufficient evidence was given on the hearing of these claims." The conclusion was that the claims should be dismissed as above stated.

The disposition made by the Board of Claims has been affirmed by the Appellate Division, one of the justices dissenting.

We do not find in the resolution of the senate above referred to and the proceedings taken thereon, any employment by the state of New York or by any duly authorized official in its behalf, of the attorneys for Allds or of the expert witnesses called by him. The evidence justifies the conclusion as stated in the findings of fact of the Board of Claims that these gentlemen were employed personally by Senator Allds.

It may be that the appropriation for that year was sufficient to meet the bills of these claimants and intended to cover them, but the bills were not paid. The comptroller refused to pay them. The appropriation was not an audit of the bills or a direction to pay them. This

was prohibited by article 3, section 19, of the Constitution of the state. Neither was chapter 274 of the Laws of 1912 any direction to the Board of Claims to allow them, as the act gave to the Board power to determine their validity. This the Board proceeded to do and after a full and complete hearing determined that the claimants were not entitled to compensation from the state. Having power to hear and determine the Board could reject, which it did do.

It is said that the Appropriation Bill (Laws of 1910, chap. 513) directed the comptroller to pay the compensation of counsel, witnesses and stenographers upon a certificate of the chairman of the committee or temporary president of the senate. These certificates were procured by the claimants. Such proceedings, however, did not fix the state's liability. As the legislature was prohibited from auditing or allowing private claims it could not escape such prohibition in providing an audit by its own officers.

The constitutionality of chapter 274 of the Laws of 1912 is not in question. The act is not an attempt to audit any claim but leaves the whole matter to the Board of Claims. It confers upon the Board jurisdiction to determine the alleged claims against the state for the expenses of counsel and expert witnesses, employed during the investigation and to make such an award as shall be just and equitable. Whether or not there was a legal or moral obligation upon the part of the state to pay these claimants was for the Board of Claims to determine under this act. It has heard the evidence and found nothing to be due. With this conclusion, we see no reason to interfere.

The judgments appealed from should be affirmed, with costs.

Hiscock, Ch. J., Chase, Cardozo, Pound and Andrews, JJ., concur; Hogan, J., dissents.

Judgments affirmed.