Bergak, J.
(dissenting). If the contract between the State and the County of Saratoga was without statutory authorization for control of snow and ice within the city of Saratoga Springs, tort liability arising from the manner of its performance within the city could not rest on the State.
Liability of the State arising from contractual relations depends on the express statutory authority of the public officer to make the contract. (Carr v. State of New York, 231 N. Y. 164; People v. Brooklyn Cooperage Co., 147 App. Div. 267, affd. 205 N. Y. 531; People ex rel. American Bank Note Co. v. Morgan, 45 App. Div. 86, affd. 161 N. Y. 643; Delafield v. Illinois, 26 Wend. 192.)
Only the Legislature could extend the area of contractual authority or ratify an agreement in excess of authority. Liability for the negligence of officers or employees of agencies other than the State would not accrue against the State unless the work they were then doing within the city was done in pur *500 suance of a contract executed by a State officer under statutory authority.
No such authority can be found in section 344 of the Highway Law. This section lays down a statutory canon of construction to be applied to other language of the same law and that is all it does. It provides that “ no section hereof ” (the Highway Law) “ shall be construed ” to authorize the maintenance “ of any portion of a highway ” within “ any city ”, except 11 that portion of a third class city ” lying outside its corporation tax "district if the city embraces an entire former town.
The section in terms is not authority for any act of highway maintenance in cities or elsewhere. It deals solely with the construction of other statutory language, and this necessarily supposes the employment of language elsewhere in the Highway Law in which this construction, or any constructive aid, would be admissible.
Subdivision 2 of section 12 (added by L. 1946, ch. 305), which grants the legislative authority to the Superintendent of Public Works to enter into contracts with the State’s political subdivisions for the control of ice and snow on highways, is not language in need of construction or interpretation as to the places where it shall be effective. The application of section 344 to it, therefore, is inadmissible because it provides that the “ maintenance ” of State highways “ in towns and incorporated villages ’ ’ shall include control of ice and snow.
Since this language is very specific, and since it states exactly where “ maintenance ” shall include control of ice and snow, and since it could not apply to any city because it uses exact and unmistakable language which no one would read to apply to cities, neither the general rule stated in section 344 that no section shall be construed to include any city, nor the exception to the general rule, can have application to this subdivision.
A statute which provides that no section “ shall be construed ” to authorize maintenance within any city except a designated kind of city does not reach a section which relates to “ towns and incorporated villages ”.
The rule of construction laid down in section 344 operates only on language which is ambiguous enough, doubtful enough, or general enough to include a city within its possible intent and hence evoke the interpretative aid of section 344. Like other aids of construction, it cannot be called into operation and has no effect, unless the other language to be read with it is ambiguous or of doubtful application.
*501 No rule of construction, even one made by the Legislature, allows plain language to be read contrary to manifest meaning. When subdivision 2 of section 12 was amended to provide that the “ maintenance of state highways in towns and incorporated villages ” shall include the “ control ” of snow and ice, the Legislature used terms not open to debate. It defined “ maintenance ’ ’, not generally, but in specific places. It is manifestly not in need of any part of the interpretative aid of section 344, which is, therefore, without any application.
Even if the view be accepted that section 344 could operate directly to permit a general maintenance of State highways in the places within the cities enumerated by its exception, still that permission insofar as maintenance means control of snow and ice is swept away by the opening words of subdivision 2 of section 12 which imposes its terms (maintenance in incorporated villages and towns) notwithstanding “ any inconsistent provisions of this chapter ”.
The contract within the City of Saratoga Springs was beyond the power of the State officer who executed it and for its performance by the other agencies thus undertaking it, the State incurs no tort liability even if the assumption be made that the State would otherwise be liable for the negligence of county officers on the theory that the county was the State’s “ employee ”. This in itself is something different from what has always been the traditional and constitutional relation between the State and its counties.
That State officers construed the statute as authorizing the work in Saratoga Springs when they signed the contract here in issue is not controlling. The court does not usually regard itself bound by administrative interpretations of this kind.
I dissent and vote to reverse the judgment.
Heffereae, Brewster and Deyo, JJ., concur with Foster, P. J.; Bergae, J., dissents, in an opinion.
Judgment of the Court of Claims affirmed, with costs.
Claimant has cross appealed on the ground that the awards for wrongful death and conscious suffering are inadequate. We find no merit to this appeal.