In the Matter of the MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Respondent, Relative to Mortgate on 1175 Evergreen Avenue in the City of New York.

WILLIAM LAURO et al., Appellants.

(Argued January 30, 1936; decided April 14, 1936.)

*Henry N. Rapaport, Irving S. Rapaport, Robert S. Garson* and *Edith Margolish* for appellants. The Mortgage Commission Act (L. 1935, ch. 19) provides a drastic remedy. Silence will not be taken to mean assent unless the peculiar relationship between the parties is such that that result reasonably follows. (*Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310; *Drucker* v. *Oppenheimer*, 165 N. Y. Supp. 284; *Beach* v. *United States*, 226 U. S. 243; *Klinke* v. *Samuels*, 264 N. Y. 144; *Chastleton* v. *Sinclair*, 264 U. S. 543; *Meyer* v. *Nebraska*, 262 U. S. 390; *Home Building & Loan Assn.* v. *Blaisdell*, 290 U. S. 398; *Doty* v. *Love*, 295 U. S. 64; *Worthen Co.* v. *Thomas*, 292 U. S. 426; *Worthen* v. *Kavanaugh*, 295 U. S. 56; *Nebbia* v. *New York*, 291 U. S'. 502; *Edwards* v. *Kearzey*, 96 U. S. 595.) The act is void as discriminatory. (*Winter* v. *Barrett*, 352 Ill. 441; *Smith* v. *Cahoon*, 283 U. S. 553; *Gilfillan* v. *Union Canal Co.*, 109 U. S. 401.) The notice provided for in the Mortgage Commission Act is so unreasonably short that it may and undoubtedly already has deprived certificate holders of their day in court in violation of the Fourteenth Amendment of the

Constitution of the United States. (*Roller* v. *Holly*, 176 U. S. 398; *Shusherba* v. *Ames*, 255 N. Y. 490; *Security Bank of California*, 263 U. S. 282; *Matter of Empire City Bank*, 18 N. Y. 199; *Matter of Societa* v. *Broderick*, 260 N. Y. 260; *McGahey* v. *Virginia*, 135 U. S. 662; *Lamb* v. *Powder River Live Stock Co.*, 132 Fed. Rep. 434; *Berry* v. *Randsall*, 4 Ky. 292; *DeMoss* v. *Newton*, 31 Ind. 219.) The Mortgage Commission Act denies all opportunity to dissent from modifications of the plan made by the court, clearly a taking of property without due process of law. (Civ. Prac. Act, § 479; *Clapp* v. *McCabe*, 155 N. Y. 525; *Coastal Equipment Co.* v. *Herrick*, 243 App. Div. 97; *Schiller* v. *Weinstein*, 45 Misc. Rep. 591.)

*Lawrence S. Greenbaum, Benjaimin J. Rabin, Theodore S. Jaffin, Benjamin Kaplan* and *Callman Gottesman* for respondent. The Mortgage Commission Act, in so far as it permits a plan of reorganization to become binding upon all certificate holders of an issue, if it is approved as fair by the Supreme Court after notice and hearing, and is adopted by two-thirds in amount of the certificate holders, does not impair the obligation of contracts or deprive appellants of property without due process of law. (*Matter of People [Title & Mortgage Guar. Co.]*, 264 N. Y. 69; *Doty* v. *Love*, 295 U. S. 64; *Matter of People [New York Title & Mortgage Co.]*, 264 N. Y. 475; *Matter of People [Westchester Title & Trust Co.]*, 268 N. Y. 432; *Shepherd* v. *Mt. Vernon Trust Co.*, 269 N. Y. 234; *Continental Illinois Nat. B. & T. Co.* v. *Chicago, R. I. & Pac. Ry. Co.*, 294 U. S. 648; *Matter of Central Funding Corp.*, 75 Fed. Rep. [2d] 256; *Campbell* v. *Alleghany Corp.*, 75 Fed. Rep. [2d] 947; *McConville* v. *Ft. Pierce Bank & T. Co.*, 101 Fla. 727; *Priest* v. *Whitney Loan & Trust Co.*, 261 N. W. Rep. 374.) The procedural requirements of the act in so far as they provide that written dissent to a plan must be filed and that failure to dissent constitutes assent, are solely remedial in nature. Accordingly, they violate no constitutional safeguards. (*Home Building &*

*Loan Assn.* v. *Blaisdell,* 290 U. S. 398; *Sturges* v. *Crownin-shield,* 4 Wheat. 122; *Green* v. *Biddle,* 8 Wheat. 1; *Planters' Bank* v. *Sharp,* 6 How. 301; *Walker* v. *Whitehead,* 16 Wall. 314; *Penniman's Case,* 103 U. S. 714; *Bronson* v. *Kinzie,* 1 How. 311; *Waggoner* v. *Flack,* 188 U. S. 595; *Bernheimer* v. *Converse,* 206 U. S. 516; *Gibbes* v. *Zimmerman,* 290 U. S. 326; *Oshkosh Water Works Co.* v. *Oshkosh,* 187 U. S. 439; *Hardware D. Mut. F. Ins. Co.,* v. *Glidden Co.,* 284 U. S. 151; *Wilson* v. *Standefer,* 184 U. S. 399; *Terry* v. *Anderson,* 95 U. S. 628; *Gilfillan* v. *Union Canal Co.,* 109 U. S. 401; *Hiatt* v. *Peddy,* 73 Fed. Rep. [2d] 235; *Vance* v. *Vance,* 108 U. S. 514; *Canadian Northern R. R. Co.* v. *Eggen,* 252 U. S. 553; *Conley* v. *Barton,* 260 U. S. 677.) The procedure for bringing interested parties before the court is constitutionally sufficient. (*Matter of People [Title & Mortgage Guar. Co.],* 264 N. Y. 69; *Matter of Empire City Bank,* 18 N. Y. 199; *Missouri ex rel. Hurwitz* v. *North,* 271 U. S. 40; *Ballard* v. *Hunter,* 204 U. S. 241; *Happy* v. *Mosher,* 48 N. Y. 313; *City of Buffalo* v. *Hawks,* 226 App. Div. 480; *Doty* v. *Love,* 295 U. S. 64; *Primos Chemical Co.* v. *Fulton Steel Corp.,* 254 Fed. Rep. 454; 266 Fed. Rep. 937; *Seaboard Nat. Bank* v. *Rogers Milk Products Co.,* 21 Fed. Rep. [2d] 414; *Security Sav. Bank* v. *California,* 263 U. S. 282; *Pennoyer* v. *Neff,* 95 U. S. 714; *Freeman* v. *Alderson,* 119 U. S. 185; *Matter of Societa* v. *Broderick,* 260 N. Y. 260.)

HUBBS, J. Bond and Mortgage Guarantee Company, an insurance corporation, held a mortgage for $100,000 on premises known as 1175 Evergreen avenue, Bronx county, New York city. It issued fifty-four certificates of participation therein, aggregating $98,000. Appellants are owners of some of those certificates. Since August 2, 1933, the company has been in " rehabilitation " under article XI of the Insurance Law (Cons. Laws, ch. 28).

The respondent Mortgage Commission came into control as trustee under the Mortgage Commission Act (Laws of 1935, ch. 19). It is conceded that the mortgage

issue in question is in need of reorganization and that reorganization is feasible. After informal negotiations, the Commission promulgated a plan for reorganization. The statutory procedure preliminary to presenting the plan for approval to the Supreme Court was duly taken by the Commission. After a hearing, the plan, with some modifications, was approved by the court. One certificate holder, owning a $1,000 certificate, filed a written dissent from the plan. No other written dissents were filed.

Appellants appeared at the hearing by counsel and objected orally to the plan on the grounds that the Mortgage Commission Act is unconstitutional in providing that two-thirds of the certificate holders in an issue may bind the remaining one-third to a plan of reorganization held to be fair and equitable by the Supreme Court; that the act is unconstitutional in so far as it provides that certificate holders who do not actively dissent from the plan, but remain silent, are deemed to have assented thereto; also, that the court had not acquired jurisdiction because the notice given pursuant to the act is not constitutionally sufficient. The objections were overruled. This appeal is from the order overruling the objections and approving the plan.

Thirty days prior to the hearing the Commission mailed to each of the parties in interest by registered mail a notice of the proceeding and a summary of the proposed plan and notice that the proposed plan would be presented to a Special Term of the Supreme Court for approval on November 4, 1935, more than thirty days after the mailing of the notice, at which time holders of mortgage investments would be heard. The notice stated that the plan would not become effective unless it was approved as fair and equitable by the court,

" Or if written dissent therefrom, duly executed and acknowledged, shall be filed with the Clerk of this court prior to the return date mentioned herein or prior to such other date as may be fixed by the court by the holders in

the aggregate of more than thirty-three and one-third per centum (33⅓%) of the face amount of mortgage investments affected by such proposal or plan.

"All holders of mortgage investments who have not dissented from the proposal or plan in the manner above provided shall be conclusively deemed to have assented thereto."

A summary of the proposal or plan containing a digest of the conditions of the mortgage and the plan as promulgated was annexed to the notice. A copy of the plan was filed with the Commission and the clerk of the court and published in a newspaper. All requirements contained in the statute were complied with.

The fairness or feasibility of the plan in general is not questioned. The responsibility of the Bond and Mortgage Guarantee Company is not affected by the plan as approved by the court. It is too late successfully to urge in this court that the provision of the act is unconstitutional which permits a plan of reorganization to become operative and binding upon all certificate holders of a particular issue when approved as fair and equitable by the Supreme Court after notice and hearing and approved by two-thirds in amount of the certificate holders. (*Matter of People [Title & Mtge. Guarantee Co.]*, 264 N. Y. 69; *Matter of People [N. Y. Title & Mtge. Co.]*, 264 N. Y. 475; app. dismissed, 293 U. S. 188; *Matter of People [Westchester Title & Trust Co.]*, 268 N. Y. 432; *Shepherd* v. *Mount Vernon Trust Co.*, 269 N. Y. 234.)

The general contention of appellant that the procedure bringing interested parties into court is unconstitutional because personal notice is not required is without basis. There are many proceedings in which a court acquires jurisdiction without actual personal service. Here notice is required to be mailed by registered mail. The proposed plan must be filed with the Commission and the clerk of the court and published. Such notice is resonable under the cases. (Cf. *United States Trust Co.* v. *United States*

*F. Ins. Co.*, 18 N. Y. 199; *Matter of Societa, etc., Di Savoia* v. *Broderick*, 260 N. Y. 260; *Matter of People [Title & Mtge. Guarantee Co.], supra.*)

The principal contention of the appellants is that the " procedural requirements " under section 7 of the act (L. 1935, ch. 19) provide that assent to the plan need not be expressed affirmatively but that dissent from the proposed plan must be filed in writing and that those who fail to so dissent " shall be conclusively deemed to have assented."

Under the Schackno Act (Laws of 1933, ch. 745), which we have held to be constitutional sixty-six and two-thirds per cent must indicate their assent affirmatively. Appellants assert that the provisions of section 7 to the effect that affirmative assent to the plan need not be expressed but that dissent must be expressed in writing, and that failure to so dissent shall be deemed to constitute assent, make the Mortgage Commission Act unconstitutional because their vested rights are thereby impaired. If the Schackno Act is constitutional, then the change complained of is a change of procedure only, a change from affirmative assent to assent by silence, clearly within the power of the Legislature to enact, as a reasonable procedure, to further a perfectly valid purpose.

There is no constitutional right of property involved in a form of remedy provided, at least if the substituted remedy is not unreasonable. (*Gibbes* v. *Zimmerman*, 290 U. S. 326, 332.)

Here a reasonable substantial remedy remains to the certificate holder. At least that question could be so decided by the Legislature as a part of the new remedy given to the certificate holders. (Cf. *Lansing Drop Forge Co.* v. *American State Sav. Bank*, [Mich.] 262 N. W. Rep. 756; *Gilfillan* v. *Union Canal Co.*, 109 U. S. 401.)

Such statutory provision is not new under our law. Many instances might be cited where rights of property holders are cut off by their failure to take affirmative

action. Here we have an unprecedented condition where many certificate holders having a joint interest are in danger of having their interests wiped out with no one in a position to take effective action to protect them. The State, in view of the situation, acts to protect their interest by creating a new remedy, not to deprive them of their interest but to protect the interest of all, including the general public. To hold that the act of the State is unconstitutional because the procedure adopted by the Legislature varies from that adopted in the Schackno Act would be unreasonable.

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed.