EAST COAST LUMBER TERMINAL, INC., Plaintiff, v.
TOWN OF BABYLON, Defendant.

Supreme Court, Special Term, Nassau County, May 4, 1949.

*Jacob W. Friedman* and *David A. Shirk* for plaintiff.

*Oscar Murov, Joseph Wackerman* and *Lindsay Henry* for defendant.

HALLINAN, J. Motion by the plaintiff for an order restraining and enjoining defendant, its officers, officials, attorneys, agents, representatives and employees from taking any and all steps to enforce its ordinance of December 6, 1943, and regulations adopted pursuant thereto, during the pendency of this action.

This is an equity action to enjoin the Town of Babylon from enforcing against the plaintiff a certain ordinance and accompanying regulations of the town entitled " An ordinance licensing and otherwise regulating sand, gravel and clay pits, quarries, removal of topsoil, and other excavations " on the grounds that this ordinance and the regulations which implement it (a) exceed the legislative grant of power, and (b) violate sections 6 and 11 of article I of the Constitution of the State of New York, and the Fourteenth Amendment of the United States Constitution.

Heretofore a similar action was brought by this plaintiff against the town in the United States District Court for the Eastern District of New York. The cause was tried and an interlocutory judgment entered denying relief until all State issues shall have first been passed upon by the State courts (81 F. Supp. 701). The United States Circuit Court of Appeals for the Second Circuit affirmed this decree (174 F. 2d 106). In the course of the Federal court litigation, various ex parte stays were obtained in favor of the plaintiff from a District Court and from Circuit Court Judges, and a motion to vacate the first of these stays was denied by a Circuit Court Judge. After the Circuit Court of Appeals had denied a further stay, application was made to Mr. Justice JACKSON, Associate Justice of the Supreme Court of the United States for a stay. His disposition, dated April 15, 1949, was as follows: " Two Federal Courts have considered that this case presents serious questions of a federal nature if, and only if, the action which so far is that of Town authorities is so far approved as to become *State* action. They have held this action to allow determination in State Courts of this question. The plaintiff is losing valuable time seeking action from this Court until the action of the State Court is obtained as the courts below suggest. Application for a stay is denied without prejudice." Immediately thereafter this action was commenced and this motion for a temporary injunction applied for.

I am not unmindful of the general rule that all doubts in the construction of legislation should be resolved in favor of its constitutionality (*Johnson* v. *City of New York*, 274 N. Y. 411, 430) and that courts of original jurisdiction should be loath to declare a legislative enactment unconstitutional (*Matter of 1175 Evergreen Ave., Bronx Co.* (158 Misc. 158, affd. 270 N. Y. 436). Here, however, the challenged ordinance and regulations seem so unreasonable, as applied to this plaintiff, that I think it is proper that temporary relief be granted to maintain the *status quo* pending the final outcome of this litigation, else the plaintiff's business and property may be destroyed beyond possibility of rehabilitation. The Federal courts have already pointed out the serious questions which are presented by this litigation. The Circuit Court of Appeals did not merely affirm the judgment of the District Court suspending its decision as to any Federal issues until State issues had first been decided by the State courts. It went further. In pointing out the questions which are primarily for the State courts, Mr Justice LEARNED HAND had this to say (pp. 111–112):

" The meaning of the ordinance is not plain as to the conditions of which the plaintiff complains, and such uncertainties are often treated as controlling in applying this doctrine. These conditions are three: (1) the requirement that an excavator must renew his permit monthly (2) the prohibitive size and conditions of the surety bond required; (3) the requirement that all excavation shall be refilled and covered with four inches of 'top-soil.' Section five of the ordinance provides that permits shall 'expire' after thirty days 'unless extended by the Town Board'; but the implementing regulation declares as the only limitation upon the board's approval that the existing bond be extended. It is therefore at least open to doubt whether more can be demanded; conceivably the board has no power to exact a second fee, and it is not wholly without significance that it had never demanded more than one fee up to the time of the trial. Next, as to the size and conditions of the bond. Section six of the ordinance merely provides that the board shall fix its amount, that it shall not be less than $2,000, and that it shall be conditioned upon 'faithful performance of the conditions' of the ordinance. The regulation adds that a bond for $2,000 shall be posted for 'areas of 10,000 square feet or less,' which for greater areas 'shall be increased at the rate of $500 for each additional 10,000 square feet or part thereof.' The plaintiff's eighty acres at these figures would require a bond of over $175,000; and, moreover, it has been unable to persuade its surety to continue even a much smaller bond. Nevertheless, it is not excavating all its tract at the one time; and the regulation may not require an owner to do more than provide a bond which shall progressively cover those acres which he has excavated and has not yet refilled. The ordinance demands interpretation before either a state court or the district court would be in a position to decide whether these two conditions are 'unreasonable' even under the New York Constitution.

" Coming then to the third condition, § 8 provides that when 'non-vegetative earth,' such as the plaintiff's sand and gravel, is removed, 'the affected area shall be graded to the level of the abutting highway, surfaced with a minimum of four inches of top-soil and seeded to insure fast-growing vegetation.' The plaintiff reads this to mean that, even when there is no existing 'top-soil' upon the area to be excavated the ordinance requires four inches to be added after the excavation is completed. Perhaps the state courts will so construe the language, but it is at least debatable whether this provision was intended to apply to areas where there was no original 'top-soil'; or at least to

areas whose surface the owner has restored substantially to its original condition."

In addition it is here contended and there is some proof that there has been unequal and discriminatory administration of this ordinance and the regulations implementing it so far as this plaintiff is concerned. If this be so, then there has been a violation of section 11 of article I of the State Constitution which provides that: " No person shall be denied the equal protection of the laws of this state or any subdivision thereof."

In this connection, the Circuit Court of Appeals in this case said (p. 112), citing *Yick Wo* v. *Hopkins* (118 U. S. 356): " It has indeed been the law for over sixty years that the Amendment covers the unequal enforcement of valid laws, as well as any enforcement of invalid laws * * *. If the state affords an adequate remedy against unjust application of its laws by its officials, anyone aggrieved by their acts must exhaust the remedy so provided before he may invoke the Amendment."

In *Myer* v. *Myer* (271 App. Div. 465, 472, affd. 296 N. Y. 979), the Appellate Division of the First Department said: " The right to equal protection of the laws is a constitutional protection against what is frequently referred to as ' class legislation.' The essence of the right to equal protection of the laws is that all persons similarly situated be treated alike."

It has been abundantly demonstrated by the record before me that the plaintiff has made out a prima facie case in support of its claim and that this is a proper case for the exercise of the court's discretion in favor of maintaining the *status quo* until a hearing upon the merits can be obtained. The injury which the plaintiff will suffer from a denial of such relief is far greater than that which the defendant can possibly sustain as a result of a temporary restraint.

The motion is accordingly granted upon the plaintiff furnishing a surety undertaking in the sum of $7,500. There should be an immediate trial and it is directed that the plaintiff place this case upon the calendar for May 23, 1949, for trial that day, subject to the approval of the Justice presiding. To that end, a note of issue upon three days' notice may be served which the clerk is directed to accept and file upon the payment of fees and thereupon to place the cause at the head of the calendar for the day indicated above.

Settle order on two days' notice before me in Chambers, Queens County, Supreme Court.