HAZEL M. SEIP, Plaintiff, *v.* MARY PFEIL, Individually and as Executrix of JOHN PFEIL, Deceased, Defendant.

Supreme Court, Special Term, Queens County, April 6, 1954.

*Alfred J. Loew* for plaintiff.

*Samuel E. Whitman* for defendant.

PETTE, J. This is an action instituted pursuant to subdivision 4 of section 500 of article 15 of the Real Property Law, to secure the cancellation and discharge of record of a certain mortgage affecting the real property owned by plaintiff.

The complaint alleges the acquisition of title under a deed dated January 4, 1937, recorded in the office of the Register of Queens County, in Liber 3917 of Deeds at page 448; the execution of a mortgage affecting said property executed July 3, 1931, recorded in Liber 3871 of Mortgages, page 312, and the subsequent assignment to the defendant; the principal sum of said mortgage being originally for $1,600 and maturing November 19, 1940; and that more than six years had elapsed after the cause of action to foreclose said mortgage had accrued, without any payment being made on said mortgage indebtedness or interest, within said period of six years, and that the time allowed for the commencement of all actions to foreclose said mortgage for principal and interest had expired; and that the defendant mortgagee was not in possession of said premises nor were there any infants, incompetents, etc.

The answer denies the material allegations of the complaint and interposes the affirmative defense that the provisions of subdivision 4 of section 500 of the Real Property Law are invalid and contrary to the Constitution of the State of New York.

The attorneys for the respective parties have submitted the matter upon an agreed state of facts.

Subdivision 4 of section 500 of the Real Property Law of New York (effective March 4, 1948) provides as follows: " Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to

enforce a vendor's lien, has expired any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom; provided, however, that no such action shall be maintainable in any case where the mortgagee, holder of the vendor's lien, or the successor of either of them shall be in possession of the affected real property at the time of the commencement of the action. In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price."

A mortgage may be cancelled as a cloud on title where it is valid on its face, though it has ceased to be a lien (*Stokes* v. *Houghton*, 16 App. Div. 381), and the appropriate and, indeed, the proper course of procedure is that specifically prescribed by subdivision 4 of section 500 of the Real Property Law, i.e., an action to remove a cloud upon title. (*Matter of Pike St., Borough of Manhattan, City of N. Y.*, 101 N. Y. S. 2d 457.)

The constitutionality of the statute herein is the only question presented.

In a similar case (*Matter of Mortgage Comm.* [*1175 Evergreen Ave.*], 270 N. Y. 436), the Court of Appeals, in an opinion written by Judge HUBBS, held in part as follows (p. 442) : " Such statutory provision is not new under our law. Many instances might be cited *where rights of property holders are cut off by their failure to take affirmative action.*" (Emphasis supplied.)

Subdivision 4 of section 500 of the Real Property Law was applied in the case of *Finnigan* v. *Elliott* (94 N. Y. S. 2d 595), wherein a bond and mortgage in the sum of $3,000 had been executed on January 31, 1912, and there was a lapse of twenty years in payment of interest and principal, and no action had been instituted to foreclose.

Granting the application of the plaintiff for relief under subdivision 4 of section 500 of the Real Property Law, Supreme Court Justice MURPHY, sitting in Special Term, Kings County, held, in part, as follows (p. 597) : " In view of the fact that the provisions of the Civil Practice Act, § 47-a, limits the time within which to institute an action to foreclose a mortgage to

six years from the effective date thereof, i.e., September 1, 1938, and since it is unquestioned that no interest has been paid on said mortgage for a period of twenty years and that no action to foreclose same was ever instituted or can be instituted, judgment is granted as demanded in the complaint."

It is interesting to note the statement of the Law Revision Commission in the 1948 Legislature at the time of the enactment of subdivision 4 of section 500 of the Real Property Law, " Its purpose is to provide a procedure whereby claims based on an outlawed mortgage or vendor's lien on real property can be extinguished and the recorded evidence of such claims can be cancelled. It makes no change in the law with respect to the debt."

This intention and interpretation was followed with approval in *Porcher* v. *Frueauff* (82 N. Y. S. 2d 10, affd. 276 App. Div. 997, motion for leave to appeal to the Court of Appeals denied, 278 App. Div. 764).

Judgment for plaintiff, without costs. Submit judgment on notice.