Edgar J. Nathan, Jr., J.
In this action for declaratory judgment, plaintiffs move for summary judgment to invalidate on constitutional grounds article 153 of the Education Law, which provides for the certification of individuals representing themselves as psychologists. The Attorney-G-eneral cross-moves for judgment dismissing the complaint as insufficient in law.
Chapter 737 of the Laws of 1956 added to the Education Law sections 7601 through 7614, which comprise the article here being challenged.
*723 Section 7602 provides:
“ Qualifications for psychologists
“ After July first, nineteen hundred fifty-seven no individual shall represent himself as a psychologist within the meaning of this act of other than those certified and registered under the provisions of this act.”
Subdivision 2 of section 7601 provides:
‘ ‘ Definitions
‘ ‘ As used in this article:
* * *
‘ ‘ A person represents himself to be a 1 psychologist ’ when he holds himself out to the public by any title or description of services incorporating the words ‘ psychological ’, ‘ psychologist ’ or ‘ psychology ’, and under such title or description offers to render or renders services to individuals, corporations, or the public for remuneration. ’ ’
In section 7603, provision is made for the establishment of a State Board of Examiners of Psychologists, consisting of seven members appointed by the Regents on the recommendation of the Commissioner of Education. This section clearly sets forth the qualifications, powers and duties of members of the board.
Section 7605 sets up standards of age, character, citizenship, education and experience for certification of those who pay a $40 fee and pass a satisfactory examination in psychology, the subject and scope of which is determined by the Board of Examiners, subject to approval by the Education Department. It also provides that for a prescribed period the board may waive examination for those having doctorate degrees from accredited institutions based on programs that are primarily psychological, “ or the substantial equivalent thereof in both subject matter and extent of training ” (subd. 3, par. a), and having five years of professional experience. Similar waiver is provided for holders of master’s degrees, or the equivalent, having eight years of experience. Veterans are given additional time in which to apply for certification. This section was amended by chapter 854 of the Laws of 1958 to extend the time for waiver of examination and for certification of veterans for an additional year.
Other sections of the article provide for: establishment of an advisory council of 12 to 18 members, ‘ ‘ broadly representative of psychology ’ ’, to aid in formulation of policy under the article (§ 7604); biennial registration of certified psychologists (§ 7606); revocation or suspension of certificates after notice and hearing before the Commissioner, with right *724 of judicial review of any refusal to issue or renew certificates, as well as any revocation or suspension (§ 7607); punishment for violation by prosecution for misdemeanor (§ 7608); confidential communications between registered psychologist and client (§ 7611); department supervision pursuant to section 211 of the Education Law (§ 7613).
This action to declare the statute unconstitutional is brought by a New York membership corporation (hereafter referred to as the Association), organized for the advancement of psychoanalysis as a profession and as a science, and by four practicing psychologists who are members of the Association. A principal activity of the Association is the operation of a psychoanalytic institute or training program to prepare psychologists and other qualified persons to practice or teach psychoanalysis. Each of the individual plaintiffs has a Ph.D. in Psychology, or its equivalent, granted by a recognized European university; each has been a practicing psychologist in New York for at least 10 years; and each is admitted to membership in reputable professional societies.
It appears that upon the effective date of the article, all four individual plaintiffs fell into a small group of psychologists who, by reason of circumstances beyond their control, were unable to produce documentary evidence of their training abroad, as is required by the Education Department for certification. One of them has since produced credentials which enabled the department to certify him, but the remaining three have not, and by the terms of the statute, they are prohibited from representing themselves as psychologists. It is stated, however, in the affidavit of the secretary of the Board of Examiners, that they “ have been granted amnesty ” pending adoption of legislation introduced for their relief.
It is apparent on this motion, nevertheless, that there is a justiciable controversy between the parties as to the necessity for and the requirements of certification of the plaintiffs under the act. That the complaint contains no words of art to that effect is not fatal, since the existence of the controversy appears from the pleading as a whole. An action for declaratory judgment is appropriate for determination of a constitutional question, and jurisdiction should be entertained pursuant to section 473 of the Civil Practice Act and rule 212 of the Rules of Civil Practice (Dun & Bradstreet v. City of New York, 276 N. Y. 198, 206; Wingate v. Flynn, 139 Misc. 779, affd. 233 App. Div. 785, affd. 256 N. Y. 690; Tropp v. Knickerbocker Vil., 205 Misc. 200, affd. 284 App. Div. 935).
*725 The voluminous affidavits, exhibits and memoranda submitted in support of plaintiffs’ position express strong convictions against the wisdom and efficacy of the challenged legislation. That aspect of the argument is not for the court’s determination, of course, and no opinion is expressed thereon. It is noted, however, that the Association is listed, in the Governor’s memorandum on the law in question as one of the private organizations that had approved the bill. Even if that does not result in estopping the corporate plaintiff from challenging the article on constitutional grounds, it is a strong indication that the gravamen of the action here is not any .infirmity in the law as written, but is solely an alleged invalidity in its administration. Mindful, however, of the rights of the individual plaintiffs who should not be deemed bound by any previous position taken by the Association, and mindful as well of the importance of the constitutional question to the entire profession, all the asserted grounds upon which the article is challenged will be examined.
Plaintiffs recognize, of course, that under a proper exercise of the police power, the State may regulate occupations that affect the public health or welfare. They concede that the specific area of their activity, psychoanalysis and psychotherapy, if not every branch of psychology, is subject to such regulation. They contend, however, that article 153 of the Education Law violates the due process and equal protection clauses of the Constitution in that (a) it fails to define psychology as a profession; (b) it fails to provide standards for compliance and delegates legislative authority to the administering agency; and (c) its provisions have no real relation to protection of the public health or welfare and are not reasonably calculated to eradicate the declared evil. They contend that enforcement of the law will deprive them of valuable property rights and will result in substantial injury to them in their reputation and practice.
In considering these contentions, a' few basic tenets must be borne in mind. Every statute is presumed to be constitutional, and every intendment is in favor of its validity (Farrington v. Pinckney, 1 N Y 2d 74, 78). A statute can be declared unconstitutional only when it can be shown beyond reasonable doubt that it conflicts with the fundamental law. Unless resort to every reasonable mode of reconciliation of statute with the Constitution has been explored and reconciliation has been found impossible, the statute will be upheld (Matter of Fay, 291 N. Y. 198, 207; Tropp v. Knickerbocker Vil., 205 Misc. 200, affd. 284 App. Div. 935, supra). ’Particu *726 larly, courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases where life and liberty is involved and invalidity of the act is apparent on its face (Matter of Mortgage Comm. [1175 Evergreen Ave.), 158 Misc. 158, affd. 270 N. Y. 436; Bohling v. Corsi, 204 Misc. 778, affd. 306 N. Y. 815, appeal dismissed 348 U. S. 802; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150).
Article 153 itself and the legislative documents herein referred to demonstrate that it purports to be a certification law, rather than a licensing law. It does not prohibit the practice of psychology or the rendering of psychological services by anyone, but it bars any individual from representing himself as a psychologist unless his qualifications are approved in accordance with its provisions. It is thus referred to as a certification law, rather than a licensing law (see Legislative Memoranda on Education-Psychology of State Departments of Education and of Mental Hygiene). In this respect, it is similar to article 149 (§ 7401 et seq.) of the Education Law, which does not prohibit the practice of accounting as such by anyone, but does prevent anyone from practicing as a certified public accountant or using the designation of “ C. P. A.”, unless he complies with its provisions. The proscription of the statute is fairly narrow and its validity must be determined in the light of the fact that it does not regulate the practice of a profession or occupation, but merely provides accreditation for those who hold themselves out to the public as rendering services under a specific title or designation.
Under such circumstances, the failure to define the title or designation would not seem to be fatal. True, most of the licensing and certification statutes contain definitions of the activities regulated or limited, but the rule is not invariable. Article 131 of the Education Law, for example, regulates the practice of osteopathy, as well as medicine and physiotherapy. Yet, in spite of the fact that it provides separate and distinct qualifications, examinations, authorizations and regulations for osteopaths, it contains no definition of osteopathy (see Education Law, § 6501 et seq.).
As appears from the Legislative Memoranda of the Departments of Education and of Mental Hygiene above referred to, the omission of a definition of ‘ ‘ psychology ’ ’ in article 153 was no oversight. Efforts to draft a definition having failed, the law was enacted in a form that was acceptable to interested *727 groups and that requires no interpretation of that term for its enforcement. In determining any questions of compliance with the statute, it is entirely immaterial whether or not any person is in fact a psychologist or is practicing psychology or is rendering psychological services. The test is: Does he hold himself out to the public under any title or description using the words “psychological”, “psychologist” or “psychology ’ ’ and does he render any services for remuneration under such title or description? For that purpose, it is sufficient under the law that the words are used, whatever they may mean.
There is no greater necessity for defining the restricted words in this article than there is in the statutes which forbid the use of certain words in corporate names except upon compliance with specified conditions (see General Corporation Law, §§ 9, 9-a). The validity of such statutes depends not upon the presence or absence of definition, but upon the justification for the restriction and the nature of the conditions imposed.
A reading of the entire article discloses that it provides standards of compliance that are comparable in all respects to those provided in similar statutes for the licensing or certification of other professions and occupations. That the promulgation of necessary regulations to implement the statute is left to the Regents or to the department is not a delegation of legislative authority. Nor is the conferring upon them of certain discretionary powers within well-defined limits such a delegation. As stated by Judge Ftjld in a very recent decision: “ The Legislature may constitutionally confer discretion upon an administrative agency only if it limits the field in which that discretion is to operate and provides standards to govern its exercise * * *. That 'does not, however, mean that a precise or specific formula must be furnished in a field ‘ where flexibility and the adaptation of the [legislative] policy to infinitely variable conditions constitute the essence of the program.’ (Lichter v. United States, 334 U. S. 742, 785.) It is enough if the Legislature lays down ‘ an intelligible principle ’, specifying the standards or guides in as detailed a fashion as is reasonably practicable in the light of the complexities of the particular area to be regulated.” (Matter of City of Utica v. Water Pollution Control Bd., 5 N Y 2d 164, 168-169.)
The decision in Packer Collegiate Inst. v. University of State of New York (298 N. Y. 184) relied on by plaintiffs, is not to the contrary. It expressly recognized the general principles above enunciated, but held invalid a statute which empowered *728 the Commissioner of Education to license private schools under regulations to be adopted by him with no standards or limitations of any sort. In the article here challenged, the provisions of section 7605 alone prescribe ample standards and limitations to govern the exercise of the power of certification, and the attack on this ground cannot be sustained within the rule of the City of ütica case or the Paclcer case {supra).
The article purports to recognize and give status to the profession of psychology (see the Governor’s Memorandum, supra). Inherent in its provisions for certification is the protection of the public from charlatans and unqualified persons who represent themselves as psychologists. Plaintiffs are in accord with these objectives, but contend that the conditions imposed are not reasonably calculated to accomplish the desired result. It is not within the province of the court to weigh the ultimate probabilities of success of the act in stamping out evil. It is sufficient that certification should in some degree provide a means of making available to the public some information as to the qualifications and training of a person who offers to render services as a psychologist. Plaintiffs themselves recognize that effect when they argue that they will be injured by the lack of certification because clients and students may be reluctant to avail themselves of the services of uncertified persons who engage in one or another of the myriad classifications of psychology.
It should be observed parenthetically here that the article in question does not touch upon the fundamental problem in connection with the plaintiffs’ specific field of activity — that is, whether or not the practice of psychoanalysis or psychotherapy constitutes or should be determined by legislation or otherwise to constitute, the practice of medicine. That question is referred to obliquely in plaintiffs’ papers, but since it is not raised in this action, it is mentioned here solely as an important matter of public interest.
Upon due consideration of all the issues presented, the court finds that the plaintiffs have not overcome the presumption of validity of the challenged statute, and have not demonstrated that the provisions thereof are in violation of Federal or State Constitution. If the plaintiffs claim that they have been injured by an unlawful refusal of the Regents or the Commissioner to grant certification under the terms of the article, such claims are not factually supported by the affidavits and documentary proof submitted, but the individual plaintiffs are not hereby precluded from availing themselves of the appro *729 priate remedy of a proceeding under article 78 of the Civil Practice Act for redress of any administrative wrong.
Pursuant to the provisions of rule 113 of the Rules of Civil Practice, it appearing that no triable issues of fact are presented and that defendant is entitled to judgment, the motion for summary judgment is granted to the extent of directing judgment declaring that article 153 of the Education Law is not unconstitutional; and is otherwise denied. Defendant’s cross motion to dismiss is denied.
Settle order and judgment accordingly.