Louis B. Heller, J.
Petitioner, the Industrial Commissioner of the State of New York, seeks an order to compel the respondent to comply with his order which requires an answer to item No. 10 on the Employer Report Form known as LP-1, as mandated by article 20-A (§ 726, subd. 3, par. [d]) of the Labor Law.
Respondent employer concedes he is a partner in the partnership business conducted as a machine shop where machinery is manufactured and repaired; that the partnership business is known by the name of Edward Purvis & Son and regularly employs 10 or more.persons in this State. Having these qualifications, petitioner contends that respondent is required under the pertinent statute (Labor Law, § 726) to file a financial report. Albeit respondent has filed the requisite Employer Report Form (supra), respondent has made no answer to item No. 10 therein for the fiscal years 1959, 1960, 1962 and 1963. The court notes from the submitted exhibits that the respondent’s verbiage where stated, allegedly as an excuse for refusing to answer the subject item, is neither a reply nor an answer as required by statute.
In opposition, the respondent avers inter alia that such refusal for noncompliance ‘ ‘ is not based on belief that he stands in danger of criminal prosecution by giving a responsive answer in his report; it is based on his belief that the question shows contempt for his dignity as a citizen presumed to be innocent
Further, it appears that respondent’s counteroffer (assertedly refused by petitioner) that the employer will make answer to item No. 10 if petitioner’s representatives would be willing to answer the question ‘ ‘ if they would give him (respondent) a statement that they had neither given nor received payments for coercing, restraining or interfering with the lawful acts of anyone ” appears to be frivolous and jocular.
Respondent’s additional objection is “that he shall not be compelled to be a witness for the State as to whether he has committed an act against which they can make a criminal case ’ ’. In short, respondent’s posture is that he is shielded by the protective cloak of section 6 of article I of the Constitution of the State of New York, therefore to answer the item would violate his rights against self incrimination. (See, also, CPLR 4501.)
Under the circumstances here shown to exist, the court finds no issue of privilege against self incrimination is presented. However, on this subject the Court of Appeals has said: “ While the guilty may use the privilege as a shield it may be the main protection of the innocent ”. (People ex rel. Taylor v. Forbes, 143 N. Y. S. 2d 219, 231.) The privilege may also be claimed in civil cases (McCarthy v. Arndstein, 266 U. S. 34). The witness *850 himself is the judge in each case, he may not be compelled to give testimony which he himself in good faith might, in any manner whatever, pave the way to possible prosecution (Counselman v. Hitchcock, 142 U. S. 547; People ex rel. Taylor v. Forbes, supra).
Here the court gleans from the answer that petitioner admits that his “ refusal to answer is not based on belief that he stands in danger of criminal prosecution by giving responsive answer in his report Thus it is clear that respondent’s sole objection is as to the requirements of the statute. Like it or not, the law must be obeyed and respondent should address his plaint to the Legislature to amend the subject statute, i.e., to expunge paragraph (d) of subdivision 3 of section 726, to remove the objectionable item No. 10 from the Employer Report Form. Such change must be done by legislation and not by the court, for every statute is entitled to a presumption of validity and to a construction, if alternatively available, which will support constitutionality (Kauffman & Sons Saddlery Co. v. Miller, 298 N. Y. 38, 44; Farrington v. Pinckney, 1 N Y 2d 74, 78) and courts in the first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare eases where life and liberty are involved and invalidity of the act is apparent on its face (National Psycho Assn. v. University of State of N. Y., 18 Misc 2d 722, 726, affd. 10 A D 2d 688, affd. 8 N Y 2d 197, app. dsmd. 365 U. S. 298). Nor may courts substitute their judgment for that of the Legislature as to the wisdom and expediency of the legislation (Martin v. State Liq. Auth., 43 Misc 2d 682, 684).
Thus respondent’s failure and refusal to comply with the Industrial Commissioner’s order issued April 13, 1965 caused the petitioner to avail himself of the enforcement provision of section 728 of the Labor Law to compel compliance with the statute. The duty imposed upon those employers described in the statute, namely to completely fill out and file the requisite Form LP-1, may not be disregarded, no matter how distasteful an employer may find such mandated obligation to be.
In the court’s opinion, respondent’s posture is wholly without merit. Accordingly the petition is granted as prayed for and the answer of respondent is ordered stricken.