Harry Edelstein, J.

Let me not

to the marriage of true minds

Admit impediments.

(Shakespeare, Sonnet 116.)

The petitioners intend to be married within the State of New York and in accordance with its laws, and move, pursuant to section 13-b of the Domestic Relations Law, for an order *897 whereby the 10-day waiting period[1] would be waived. Each petitioner is over the age of 18 years.. (Cf. Domestic Relations Law, § 2.) Both petitioners are citizens of the United States; the petitioner Keith Ogilvie is a citizen and a resident of the State of New York, and the petitioner Alma Palmer is a citizen and a resident of the State of New Jersey.
The germane provision of section 13-b of the Domestic Relations Law reads: "A judge or justice of the supreme court of this state or the county judge of the county in which the woman to be married resides * * * may make an order authorizing the immediate solemnization of the marriage * * * without waiting for such ten[-]day period * * * to elapse.” (Emphasis added.)
Regulation of marriage is a sovereign function reserved to the State, and is neither vested in nor delegated to the Congress. (US Const, 10th Arndt; O’Neill v Dent, 364 F Supp, 565, 568, n 6.) The Federal arrangement notwithstanding, the legislative authority of the State is not plenary, but is limited by the Constitution of the United States and by the Constitution of the State of New York. (Arverne Bay Constr. Co. v Thatcher, 278 NY 222, 231 [Lehman, J.].) Both the United States and New York Constitutions prohibit denial to any person the equal protection of the laws.[2] Under a constitutional equal protection clause, a classification based on sex is inherently suspect. (Frontiero v Richardson, 411 US 677; Matter of Sontag v Bronstein, 33 NY2d 197 [Jasen, J.].) Additionally, marriage "concerns a relationship lying within the zone of privacy created by several fundamental constitutional guarantees”. (Griswold v Connecticut, 381 US 479, 485 [Douglas, J.].) The convergence of these rights retained by the People and reserved to them by the Constitutions requires that the strictest scrutiny be applied to the quoted legislation, and only a most compelling State interest will justify the *898 statutory classification based on sex. (Shapiro v Thompson, 394 US 618, 634.)
On the facts before the court, there is neither rhyme nor reason to the statutory classification. If, under circumstances otherwise identical, the woman were a resident of the County of Rockland, and the man resided in a sister State, there would be no question that an order may issue. In the case at bar, the man is a resident of the County of Rockland and the woman lives in a sister State, and the statute does not, apparently, authorize issuance of an order.
The purpose of the statute, by its terms, is to promote the public interest and to avoid irreparable injury or great hardship to the contracting parties. Of necessity, relief granted to one petitioner herein grants relief to the other petitioner. Therefore, it cannot be said that the residence of the woman rather than of the man has any relationship, let alone a significant one, to the legislative intent of liberal granting of relief to prospective couples adversely affected by the statutory limitation on the natural and constitutional right to marry. "A classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.” (Royster Guano Co. v Virginia, 253 US 412, 415.) Accordingly, the court finds that the effect of the statute is to deny to the petitioner Ogilvie the equal protection of the laws.
In its consideration of the constitutional issue before it, the court notes that an intrinsic characteristic of a unified, hierarchical court system (NY Const, art VI, § 1, subd a) is the allocation to the appellate courts of the transcendent judicial power to declare a statute unconstitutional. It is a function of the Appellate Division, and, particularly, of the Court of Appeals, to find that an enactment is contrary to the Constitution. It is a well-settled canon of construction that a court of original jurisdiction may not declare a statute unconstitutional unless the statute is unredeemably unconstitutional. (Matter of 1175 Evergreen Ave., 158 Misc 158, 160, affd 270 NY 436, affd sub nom. Lauro v Barker, 299 US 521.) It is another well-settled canon of construction that a "statute should be construed when possible in a manner which would remove doubt of its constitutionality”. (People v Barber, 289 NY 378, 385 [Lehman, Ch. J.].) Accordingly, the court finds that if (a) both the man and the woman are residents of the *899 State, or (b) the woman is a resident of the State and the man is not, then the statutory provision is applicable, and the specified court in the county of the woman’s residence is authorized to issue an order pursuant to section 13-b of the Domestic Relations Law. If, however, the man is a resident of a county of the State and the woman is not, then the specified court in the county of the man’s residence may issue such order.
In dealing with marriage, "[w]e deal with a right * * * older than the Bill of Rights — older than our political parties, older than our school system. Marriage is a coming together for better or for worse, hopefully enduring, and intimate to the degree of being sacred. It is an association that promotes a way of life, not causes; a harmony in living, not political faiths; a bilateral loyalty, not commercial or social projects. Yet it is an association for as noble a purpose as any involved in our prior decisions.” (Griswold v Connecticut, supra, p 486.)
An order pursuant to section 13-b of the Domestic Relations Law to "make this marriage to be solemniz’d” (I Henry VI, act V, scene 3) shall issue.

. "A marriage shall not be solemnized within 10 days from the date on which the specimen was taken for the serological test of the contracting parties provided for by section thirteen-a of this chapter prior to the issuance of the marriage license * * * unless authorized by an order of a court of record as hereinafter provided”. (Domestic Relations Law, § 13-b.)

. "[N]or [shall any State] deny to any person within its jurisdiction the equal protection of the laws.” (US Const, 14th Arndt, § 1.)
"No person shall be denied the equal protection of the laws of this state or of any subdivision thereof.” (NY Const, art I, § 11.)
Cf. Bolling v Sharpe (347 US 497); Washington v United States, (401 F2d 915, 922-923.)