*217 OPINION OF THE COURT
Richard E. Sise, J.
Claimants, Arnold Chapman (Chapman) and his wife Marita Thompson, filed a claim (Claim No. 78191) in 1989 to recover for personal injuries allegedly sustained by Chapman as the result of an assault and battery by two state troopers. Following a trial on the merits, the court determined that a question regarding its subject matter jurisdiction existed and the parties were afforded the opportunity to be heard. Thereafter, the claim was dismissed, the court finding that the court lacked subject matter jurisdiction based upon claimants’ undisputed failure to file the claim or a written notice of intention to file a claim within 90 days following accrual of the claim as required by Court of Claims Act § 10 (3) (Chapman v State of New York, Ct Cl, Feb. 24, 1998, Bell, J., Claim No. 78191). On May 20, 1999, the Appellate Division, Third Department, affirmed the dismissal (Chapman v State of New York, 261 AD2d 814).
The Legislature resuscitated the action, by enacting chapter 584 of the Laws of 2000, effective December 8, 2000, which provided:
“§ 1. Notwithstanding any other provision of law, any action commenced by the filing of a claim in the office of the clerk of the court of claims on January 24, 1989 which was brought by a claimant bom on January 21, 1947 and which was dismissed solely because of such claimant’s failure to comply with the requirements of section 10 of the court of claims act is hereby revived and a claim may be commenced and brought to judgment provided such claim is commenced within 90 days after the effective date of this act.
“§ 2. This act shall take effect immediately.”
On March 2, 2001, the instant claim was filed.
Defendant advances two arguments in support of dismissal. The first is that the enabling statute or “private bill” (see, Walach v State of New York, 69 AD2d 1015) “is unconstitutional” as it infringes upon article III, § 19 of the New York State Constitution (Acton affidavit 8) as the act purports to revive a time-barred claim for which there is no stated moral obligation (Acton affidavit 9). In response, claimants argue that there is no constitutional question implicated by the Legislature’s enactment as it “merely has the effect of remedying the Appellate Division’s holding that [section 11 (c)] could not be applied *218 retroactively” (Bailan affidavit 6). The at-issue constitutional provision provides in pertinent part:
“The legislature shall neither audit nor allow any private claim or account against the state, but may appropriate money to pay such claims as shall have been audited and allowed according to law.
“No claim against the state shall be audited, allowed or paid which, as between citizens of the state, would be barred by lapse of time.” (NY Const, art III, § 19.)
The law with regard to the Legislature’s powers as measured against the proscriptions of article III, § 19 of the Constitution appears to be well settled. This power is subject to two conditions. The first is that the determination be made by an appropriate tribunal, not the Legislature itself (Bates Chevrolet Corp. v State of New York, 192 Misc 151). For example, in Babcock v State of New York (190 App Div 147, 156), cited by the defendant, the Court said: “The Legislature, although it may not make a gift of the moneys of the State, nor itself audit or allow a private claim against the State, may yet recognize and legalize private claims, which, though unenforcible through the application of legal principles, are yet founded upon equity and justice, and it may empower the Court of Claims to audit and allow them” (id. at 156-157; Carr v State of New York, 231 NY 164 [leaving determination of merits of underlying claim to court is not an attempt to audit or allow a claim]; Williamsburgh Sav. Bank of Brooklyn v State of New York, 243 NY 231, 241). The second is that there be an equitable or moral foundation for the claim (Bates Chevrolet Corp. v State of New York, 192 Misc 151, 157, supra).
As to the second sentence of the cited constitutional prohibition, its purpose is to fix a maximum, an outside limit, on the time in which claims against the State may be brought (see, Homer Eng’g Co. v State of New York, 12 NY2d 508, 510; Oswego & Syracuse R.R. Co. v State of New York, 226 NY 351, 361).
A number of well-worn legal principles guide this court in resolving the competing claims herein. To begin, a court of original jurisdiction, such as the Court of Claims, should not declare a statute unconstitutional unless violations are plain and patent on the face of the statute (Matter of 1175 Evergreen Ave., Bronx County, 158 Misc 158, affd sub nom. Matter of Mortgage Commn. of State of N.Y., 270 NY 436) and a statute should be upheld as constitutional if it is possible to do so without disregarding the plain command or necessary *219 implication of the fundamental law. (Matter of Prime, 249 App Div 28; Bowen v City of Schenectady, 136 Misc 307, affd 231 App Div 779; see also Matter of Clara C. v William L., 96 NY2d 244, 250 [Court “bound by principles of judicial restraint not to decide constitutional questions ‘unless their disposition is necessary to the appeal’ ”].) In this instance, the burden is on defendant to demonstrate such unconstitutionality beyond a reasonable doubt (see Wiggins v Town of Somers, 4 NY2d 215, 218) and the claimants herein are aided by the presumption of statutory constitutionality (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 150).
In applying these principles, this court would necessarily resolve the question of whether Laws of 2000 (ch 584) passes constitutional muster. However, the Court of Claims does not have jurisdiction over challenges to the constitutionality of statutes, even if such determination is necessary to resolve a claim for money damages against the State (Matter of Markham v Comstock, 272 AD2d 971, appeal dismissed 95 NY2d 886, cert denied 531 US 1079; Shields v Katz, 143 AD2d 743; Zimmerman v State of New York, 116 Misc 2d 521). In a claim involving the Legislature’s attempts to create and revive causes of action pursuant to General Municipal Law § 205-e,[1] the proposition that “[i]n the absence of any prohibition, constitutional or otherwise, this court [Court of Claims], in a cause of action created by statutory legislation, for money damages against the State, has the authority to determine whether the cause of action, as stated, is sustainable when tested against constitutional limitations imposed upon the Legislature” (Santangelo v State of New York, 149 Misc 2d 171, 175) was rejected (Santangelo v State of New York, 193 AD2d 25, revg Santangelo v State of New York, 149 Misc 2d 171). Such challenges should be brought by an action for declaratory judgment, which must be brought in Supreme Court (CPLR 3001; Cass v State of New *220 York, 58 NY2d 460, 463). As such, the court does not take up the constitutional question put forth by the defendant.[2]
The defendant also argues that the present claim “contains facts and circumstances and causes of action not included in and indeed outside the scope of the original claim * * * and therefore to the extent that it exceeds the original claim it is not authorized” (Acton affidavit 7).[3] Claimant maintains the additional causes of action (again unspecified) are in the nature of an amendment to be freely given (Bailan affidavit 8) and that “any action” which could have been included in the original claim is revived by the legislation (id. 9). It is axiomatic that a statute in derogation of the sovereignty of a state must be strictly construed (Sharapata v Town of Islip, 56 NY2d 332). Thus, this court takes a narrow view of the legislation which authorized the revival of the instant claim. The court does not accept claimant’s urging that the additional causes of action for the minor children are merely amendments of the pleadings. The cases cited by claimant as guidance for this court may have provided same, if the amendment was sought during the original action (see also, Madison v State of New York, Ct Cl, Mar. 4, 2002, Patti, J., Claim No. 99755, UID No. 2002-013-004 [a claimant cannot use the mechanism of amendment to, in effect, commence an untimely claim]). Here, the court necessarily reads the legislation as authorizing only the revival of the previously filed claim “brought by a Claimant born on January 21, 1947” (L 2000, ch 584, § 1). Consistent with the foregoing, the court finds the enabling legislation did not specifically authorize the revival of the previously filed derivative action of claimant’s wife, Marita Thompson (see, Agnew v State of New York, 166 Misc 602 [legislation conferred jurisdiction upon the court to hear the claim of the infant, to recover damages for personal injuries sustained by him, and the claim of the father of the infant, to recover damages sustained by him by reason of the injuries *221 sustained by his infant son]). Accordingly, the court dismisses the fifth, sixth and seventh causes of action.
For the foregoing reason, defendant’s motion to dismiss is granted in part and denied in part.

. In the underlying claim, which was dismissed, police officers sought recovery for injuries sustained in the line of duty (see, Santangelo v State of New York, 129 Misc 2d 898, affd 127 AD2d 647, affd 71 NY2d 393, 397). The Legislature’s amendment, subsequent to judgment in Santangelo (supra), to permit such a cause of action, was determined not to be retroactive (see, e.g., Ruotolo v State of New York, 141 Misc 2d 111, affd 157 AD2d 452, lv denied 75 NY2d 710, rearg denied 76 NY2d 773). The Legislature persisted with further amendments to General Municipal Law § 205-e spawning “Santangelo II’ and “Ruotolo II’ (Ruotolo v State of New York, 151 Misc 2d 820, revd 187 AD2d 160, affd 83 NY2d 248).

. In light of the direction found in Executive Law § 71 regarding the Attorney General’s obligation to defend the constitutionality of statutes, and the state of the law limiting this court’s jurisdiction regarding such issues, the court is in a quandary as to the avenue the defendant in this case must take. Perhaps in view of the conflict the Attorney General has, an application for the appointment of counsel to bring and defend a declaratory judgment action in the Supreme Court is the appropriate course.

. Defendant failed to identify the facts and causes of action which it alleges are new. As the proponent of the motion, the court will not parse the two pleadings for defendant’s benefit beyond the ready observation that Claim No. 103903 contains causes of action on behalf of two minor children.