Joseph M. Conroy, J.
This is a motion for an order: (1) declaring subdivision 1 of section 177 of the Code of Criminal Procedure unconstitutional; (2) declaring section 813-e of the Code of Criminal Procedure unconstitutional; (3) to direct the prosecution to bear the burden of refuting the contents of these moving papers; (4) to controvert the search warrant — if any was used in this case; (5) directing suppression of any evidence seized by officers in conversation allegedly had or overheard by them, after the initial illegality herein.
This defendant was indicted for operating a policy business (2 counts) in violation of section 974 of the Penal Law; possession of policy slips, by an indictment filed in this court on October 23,1963.
It is the contention of the defendant that the attempt by the passage of subdivision 1 of section 177 to circumvent the purport and intent of the Fourth Amendment to the United States Constitution was merely to afford police officers an opportunity to search and seize without any sufficient warrant or other basis. That section 813-c, by compelling the defendant to controvert the warrant, and/or to suppress the evidence, is clearly in contravention of the defendant’s rights against' self incrimination. That by the rulings of the various courts since the passage of section 813-c the defendant is compelled to .submit a sworn statement in contravention of his privileges and immunities under the Fifth Amendment to the United States Constitution and appropriate, enabling New York statutes. That by reason of this section it becomes necessary for the defendant in support of his motion to affirmatively call the very person who made the arrest and created the issues sought to be attacked on said motion, namely, the police officer.
*284 As stated in People v. Griswold (213 N. Y. 92, 97) “In determining whether statutory requirements are arbitrary, unreasonable or discriminatory, it must be borne in mind that the choice of measures is for the legislature, who are presumed to have investigated the subject, and to have acted with reason, not from caprice. Legislation passed in the exercise of the police power must be reasonable in the sense that it must be based on reason as distinct from being wholly arbitrary or capricious, but when the legislature has power to legislate on a subject, the courts may only look into its enactment far enough to see whether it is in any view adapted to the end intended. If it is, the court must give it effect, however unwise they may regard it, or however much they might, if given the choice, prefer some other measure as more fit and appropriate.”
Every statute is presumed to be constitutional and every intendment is in favor of decision validated (Farrington v. Pinckney, 1 N Y 2d 74, 78). As stated in National Psychological Assn. v. University of State of N. Y. (18 Misc 2d 722, 726, affd. 10 A D 2d 688, affd. 8 N Y 2d 197, app. dsmd. 365 U. S. 298) “ courts of first instance .should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases where life and liberty is involved and invalidity of the act is apparent on its face.” (Emphasis supplied.) (Matter of Mortgage Comm. [1175 Evergreen Ave.], 158 Misc. 158, affd. 270 N. Y. 436; Bohling v. Corsi, 204 Misc. 778, affd. 306 N. Y. 815, app. dsmd. 348 U. S. 802; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150.)
The Legislature of the ¡State of New York in exercising its police power has the right and duty to enact such laws for the protection of the People of the State of New York when these laws are not in conflict with the constitutional rights of an individual. This court finds that the sections complained of in this motion are constitutional.
Upon the submission of this motion, the District Attorney presented to the court an affidavit made by a police officer of the City of New York. It indicates that certain information was received from a confidential informant who had upon previous occasions proved reliable. This information was to the effect that the informant had placed wagers with an individual known to him only by the name of Curley, in the vicinity of 54th Avenue and 2nd Street, Long Island City, in the County of Queens, and the informant further stated that Curley used this area to carry on his business of illegal gambling. That this police officer, together with the informant, proceeded to that vicinity on July 22, 1963 and the officer observed this defendant *285 receiving slips of paper and money in bill form from six unknown males at various intervals. That thereafter, on the 23d day of July, 1963 he again observed this defendant receive slips of paper and money in bill form from five unknown males. That on the 24th day of July, 1963 the police officer applied for a search warrant, which was granted. And that he then proceeded to 54th Avenue and 2nd Street where he observed the defendant being approached on three separate occasions by unknown males each of whom gave him an envelope. That the defendant did accept the envelope, open it, examine it and subsequently place the said envelope behind the belt of his trousers under his shirt. That after the third transaction the officer did approach the defendant, identified himself, showed the defendant the warrant, searched the defendant and placed said defendant under arrest.
From an examination of this affidavit there was certainly probable cause for the issuance of the warrant and the apprehension of this defendant. The defendant himself has submitted an affidavit wherein he merely states that the police officer was mistaken and that no such transaction happened at any time. The court finds that this is insufficient to warrant a hearing. The moving papers do not contain the required, verified and unequivocal statement of the facts relied upon to raise any factual issue for determination on a hearing.
The defendant having moved to suppress the evidence and to controvert the search warrant is under the duty of coming forward with such facts which would create an issue and for that reason if a hearing were held it would be required by whatever means his counsel desired of raising these issues, even if it were necessary to use the police officer as a witness. The court is not so naive as to believe that the police officer would be a co-operative witness for the defendant. Motion is denied.