Jerome B. E. Wolff, J.
The facts briefly stated are as follows : A court order was issued on September 23,1964, allowing *406 the tapping of the telephone wires of the defendant for a period of 60 days from September 23, 1964, until and including the 22d day of November, 1964. This court order was based on an affidavit dated September 22, 1904. Thereafter, on October 9, 1964, a court order was issued out of the Justice of the Peace Court for the search and seizure of any property of the defendant, either located at his apartment, his office or in his automobile. The order for search and seizure was, in turn, based on an affidavit which set forth the intercepted telephone communications as being the probable cause for the issuance of an order for search and seizure.
On the argument of the motion it was contended by the defendant, that the evidence obtained by the wire-tap order and also the evidence procured by means of the search warrant should be suppressed. The District Attorney argued in opposition thereto that there was probable cause for both orders, and, furthermore, that it is a question of law and not a question of fact to be determined by the court in reference to the motion. The further argument was that there is no provision pursuant to section 813-e of the Code of Criminal Procedure to allow a hearing as to whether or not evidence obtained as a result of a wire-tap order should be suppressed.
The question in this case lies deeper than the superficial argument that it would be a question of law for the court to determine rather than a question of fact as to probable cause. The question presented in any case resulting from an order of search and seizure, or for an order to tap a telephonic communication of an individual is always the question of probable cause. Possibly, probable cause and the intricacies of that question can, in some instances, be determined from a perusal of the affidavits, which were used to procure the initial orders, but it still remains within the province of the court in the interests of justice to analyze allegations by means of a hearing.
In the instant case, we have a series of events which have occurred chronologically and of close proximity to each other. Furthermore, the order for search and seizure is based on an affidavit which sets out certain facts which were obtained by means of intercepted telephone communications. Therefore, the order for search and seizure and the order for tapping the telephone of the defendant, actually, in this case, become an integral part of each other. If there was no probable cause for obtaining the wire-tap order, then the wire-tap order, in and of itself, becomes illegal. If the wire-tap order is illegal, then the evidence obtained therefrom and thereunder also becomes illegal. *407 The order for search and seizure either rises or falls upon the determination of whether or not there was probable cause for the issuance of the wire-tap order in the first instance.
Section 813-c of the Code of Criminal Procedure allows a hearing where there is a motion to suppress evidence and the court decides that it would be a question of fact to be determined by means of a hearing and testimony taken thereunder. With the recent cases of the United States Supreme Court and the Court of Appeals which have zealously guarded the constitutional rights of the individual so as not to allow a trespass upon any of these rights, it would be incongruous to decide that the defendant is not entitled to a hearing on the probable cause concerning the issuance of a wire-tap order, especially as in this instance, by a narrow interpretation of section 813-c of the Code of Criminal Procedure, and allow the defendant a hearing only in reference to the order of search and seizure.
To examine the means and methods of the procurement of evidence does not frustrate the enforcement of laws. Pretrial hearings concerning confessions and the suppression of evidence protect the defendant’s constitutional rights prior to trial and further the presentment of proper and legal evidence for the jury. Therefore, a hearing will be held concerning the wire-tap order and the order for search and seizure.