Martin M. Kolbrener, J.
An order signed by me permitted the police to tap and monitor the telephone wires of one of the defendants. From conversations thus recorded, the affidavits were made upon which the search warrant was issued. Upon evidence thus obtained, an information was later filed against the defendants in the District Court of Nassau County, charging them with the crimes of book-making, possession of book-making records, maintaining premises, etc.
Defendant’s motion brings up for examination the affidavits and the petition upon which I based the order permitting the wire taps. This type motion, in one respect, is similar to a motion to dismiss an indictment for insufficiency of proof before the Grand Jury. The moving party does not see the Grand Jury minutes and the motion may thus be granted or denied, depending upon the sufficiency of the proof before the Grand Jury. I have examined the affidavits and petition in the light of People v. McCall (17 N Y 2d 152, decided March 24,1966) and I find that the wire-tap order was based upon sufficient grounds; that is to say, that the sworn affidavit and petition show sufficient facts to constitute probable cause for the issuance of the order.
However, the motion is not so simply resolved. Defendant moves, not to suppress the evidence, but “to determine the admissibility in evidence of any wiretap evidence * * * obtained”. No allegation is made “ that the affidavit (upon which the order permitting the wire tap is based) is in fact either an error, incomplete or perjurious ”. Defendant claims that he is “ entitled to a hearing to prove, if he can, that such is the case.” (Emphasis supplied.)
I can understand that in situations where the burden of proof is on the other side, a denial of knowledge or information sufficient to form a belief puts the other party to his proof (CPLR 3018) but here the burden of proving perjury, falsity and inaccuracy is upon the defendant (People v. Alfinito, 16 N Y 2d 181), and that being so, perjury, falsity, inaccuracy, etc., should be in issue before a hearing may be ordered as requested by the defendants. On the other hand, admittedly, the defendant has never seen the affidavits upon which the wire-tap order is based. We are thus met with a situation of which the Court of Appeals has stated: ‘ Modern thought which produced the decision in *460 Mapp v. Ohio (367 U. S. 643) would make incongruous any holding that a search warrant is beyond attack even on proof that the allegations on which it was based were perjured. Our duty is to fashion a rule which will prevent such a violation of the citizen’s rights (People v. Alfinito, supra, p. 185.) (Italics supplied.)
Since by the very nature of things a defendant does not know of a wire tap or the affidavit upon which it is based, in most cases until the trial, some method of meeting this dilemma should be fashioned. Under the circumstances, the defendant should be supplied with a copy of the petition and affidavit and have 10 days within which to make any motion to vacate the order upon a claim of perjury, falsity or inaccuracy if he be so advised. Without such an issue there is no necessity for a hearing, for the court may very well determine the sufficiency of the petition and affidavit without a hearing, as I have already done in this case. It is therefore
ordered, that a copy of any and all affidavits and/or petitions upon which the wire-tap order was based be served upon the attorney for the defendant within 10 days after the publication of this order and that the defendant have 10 days within which to move, if he wishes, to vacate the order upon the grounds of perjury, falsity or inaccuracy. In all other respects the motion is denied. If the defendant fails to move within 10 days after service of copy of the affidavit and/or petition, this motion shall be deemed denied in its entirety.