Albert A. Oppido, J.
This is a motion by the defendants to reargue a decision of this court, dated March 30, 1965. The previous decision of this court denied certain relief and granted a hearing to determine the legality of various legal processes, including a wiretap order. On the date set for a hearing, the court heard oral argument and no testimony was elicited. At the conclusion of the oral argument, the court directed that the District Attorney furnish counsel for the defendants with a copy of the wiretap order and affidavit. In addition, the court ruled that the wiretap order and affidavit demonstrated the requisite “reasonable grounds” for the issuance of the said order. (Code Grim. Pro., § 813-a.) Thereafter, the defendants were granted leave to reargue the previous decision. The defendants then brought on the instant motion. For the convenience of the court, the earlier motion, which has not as yet been finally determined, has been consolidated with the instant motion.
The motion to reargue is granted and upon reargument the original order is hereby withdrawn and vacated.
The question herein raises significant and far-reaching questions with respect to the extent of an attack on a judicially authorized wiretap order. New York courts have not passed directly on the extent to which a court may permit an examination of a wiretap order and supporting affidavit, when the wiretap order is sufficient on its face and the allegations contained in the supporting affidavit establish probable cause. Nor can this court overlook the possibility that Aviretapping itself might be brought Avithin the purvieAV of constitutional protection. A *1067 case now pending sub judice before the United States Supreme Court, Osborn v. United States (35 U. S. Law W. 3148) has such a" possibility under consideration.
Specifically, the issue is raised herein because the supporting affidavit to the wiretap order states that the affiant received information from a member of the New York City Police Department. The affidavit further alleges in part: “ Petitioner’s informant did state that in compliance with a Court authorized wire tap he did hear the numbers 516 333-7559 dialed and that a party identified as CHARLES did answer this call. That the party calling did then relay to CHARLES horse bets.”
The defendants seek to inquire into the legality of the New York City wiretap order. They contend that if the New York City wiretap order was illegal, then the fruits of that order are tainted and .should not have been used to obtain the Nassau County wiretap order.
The People make an ipse dixit argument with reference to the New York County wiretap. They, in effect, argue that no inquiry should be made of the validity or invalidity of the New York County wiretap order since a Judge in that county has approved it.
Thus, this court must decide whether it should engage in a game of “ judicial dominoes ” during an examination into the legality of a wiretap order.
While it may be true that a Judge has approved the New York County wiretap order, it is manifest that if that wiretap was illegal or improperly obtained, then the “fruits” of such improper or illegal wiretap cannot be used. (Nardone v. United States, 308 U. S. 338; Nardone v. United States, 302 U. S. 379.)
Moreover, if the evidence was inadmissible against the immediate victim of the New York County wiretap order because of the improper activities of a public officer, Nassau County cannot accept it on a so-called “ silver platter” for use here. (Elkins v. United States, 364 U. S. 206; Rea v. United States, 350 U. S. 214.)
In People v. McCall (17 N Y 2d 152) the Court of Appeals stated that the preferable way to attack a wiretap order is to apply to the Judge who issued it. However, the Court of Appeals, cognizant of the fact that wiretap or eavesdrop orders are .secret and ex parte, also stated (p. 157) that: “ if an accused is unaware of the eavesdropping order or insufficiently advised about it before trial, he may move to suppress or raise appropriate objection on the trial and the question is saved for review on appeal from the judgment.”
*1068 In addition, the court in McCall recognized that there is a normal reluctance of one Judge to review an order of another-Judge. (People v. Politano, 13 N Y 2d 852; People v. Cohen, 24 A D 2d 900.) However, the Court of Appeals, clearly stated that one Judge should review, if necessary, the order of another Judge. The court stated (p. 159): “A refusal to permit a defendant to examine the facts upon which his privacy has been broken into amounts to saying that any search warrant or order for interception is all right if a Judge has seen fit to sign it.”
In People v. Cohen (supra, affd. without opn. 18 N Y 2d 650) the Appellate Division, without further explanation, asserted: “ The original wiretap order was a proper subject of judicial review in the same manner and to the limited extent permitted with respect to a warrant for search and seizure.” It should be noted that the Appellate Division decided the Cohen case in November, 1965, one month after People v. Alfinito (16 N Y 2d 181), but did not cite the Alfinito case.
The Alfinito case involved a motion to controvert a search warrant. The Court of Appeals held that section 813-c of the Code of Criminal Procedure permits a defendant to attack a search warrant on the ground that the affidavit’s factual allegations were perjurious. This court (Kolbreuer, J.), has extended the principles of the Alfinito case to allow a defendant to attack a wiretap order on the ground that the supporting affidavit’s factual allegations were perjurious. (People v. Rizzo, 50 Misc 2d 458.)
The District Attorney contends that the existence of ‘ ‘ probable cause ” or “ reasonable grounds to believe ” is a question of law and not a question of fact. While this court agrees that the existence of probable cause may, in many instances, be determined from a review of the supporting affidavit or other exhibits or papers annexed to the wiretap order, it, nevertheless, remains within the discretion of the court to analyze the factual allegations of the .supporting documents by means of a hearing. (People v. Rogers, 46 Misc 2d 405.) This is particularly so where a court issues a wiretap or eavesdrop order which is in turn based on the fruits of a prior wiretap order. Where that fact pattern is present a defendant must be afforded an opportunity to have a Judge review the sufficiency of the papers upon which the prior wiretap order was based.
The recent cases from the New York courts of trial jurisdiction support this court’s holding. (People v. Rogers, 46 Misc 2d 860 [Seneca County CL]; People v. Beshany, 43 Misc 2d 521 [Sup. CL, Queens County]; People v. Grossman, 45 Misc 2d *1069 557 [Sup. Ct., Kings County].) In each of the above-cited cases, the fruits of wiretap or eavesdrop orders were used as the basis of either probable cause for the issuance of a search warrant or for a search and seizure incidental to an arrest. The respective courts reviewed the sufficiency of the underlying wiretap or eavesdrop orders, found that they were illegal, suppressed the leads and links of the wiretap order, and then suppressed the fruits of the execution of the search warrant and of the search and seizure incidental to the arrest.
However, the holding today is limited by the law of “ standing ” to attack a search or a wiretap order. In addition, the question of “ standing ” to object to the New York City wiretap order depends on many factors, particularly the question of prejudice. (See Jones v. United States, 362 U. S. 257, and McDonald v. United States, 335 U. S. 451.) In the instant case, there is no question that the defendant, Charles Klimkowski, was a person aggrieved by the New York City wiretap order.
The court in the McCall case stated (p. 155): “A person whose private telephone communication has been cut into by warrant of public authority and who is prosecuted criminally on the basis of what is disclosed * * * ought to have access to the ear of a Judge who can do something about it, if the order has been allowed on an insufficient ground.” This court interprets the above language to mean that either party to a telephone conversation and who is prosecuted criminally has ‘£ standing ” to attack a wiretap eavesdrop order. Thus, the ability to challenge a wiretap order is not dependent on ownership of the particular telephone which was the subject of the wiretap order.
There is yet another problem which has caused much concern. The execution of a search warrant or a search incidental to an arrest is immediately known. However, wiretapping or eavesdropping is not apparent until the trial. Therefore, a defendant usually does not know of the existence of a wiretap or eavesdrop order.
When a motion is made for discovery and inspection of a wiretap order, usually a ‘ fishing expedition ’ ’, this court has reviewed the sufficiency thereof. If the court finds the order and affidavit were based on insufficient grounds, it vacates the order. If the court concludes that the order was based on ‘ reasonable grounds to believe ” or probable cause ”, it directs the District Attorney to furnish the defendant with a copy of the order and supporting affidavits, so as to permit the defendant to move to attack the factual allegations on the grounds of perjuriousness. (People v. Rizzo, 50 Misc 2d 458, supra.)
*1070 This court has chosen to conduct its review of wiretap orders pretrial, so that the trial of the criminal cases would not be interrupted and the jury excused for an extraordinary length of time.
However, this court is of the opinion that once an accused has been furnished with a copy of the order and affidavit, he must say more than I want a hearing ” or “ the statements in the affidavit are perjurious ”. The defendant’s affidavit in support of a motion challenging a wiretap or eavesdrop order must allege what statements were perjurious.
In the case at bar, the affidavits in support of the instant motion lack the necessary allegations to warrant a hearing on the ground of perjuriousness. However, in view of the holding above, that the court would review the legality of the New York City wiretap order, the product of which was the basis of the Nassau County wiretap order, this court shall direct that the District Attorney furnish the court with a copy of the New York City wiretap order and supporting affidavit before this matter is again restored to the Motion Calendar.
The defendants also seek an order declaring section 813-c and subdivision 1 of section 177 of the Code of Criminal Procedure unconstitutional. This court has examined said statutory provisions and fails to find any transgression of constitutional protection. (People v. Catrambone, 41 Misc 2d 282; People v. Malinsky, 15 N Y 2d 86.)
The further application by the defendants for an order prohibiting any persons from divulging the contents of any intercepted telephonic communications is denied. (People v. Dinan, 11 N Y 2d 350.)
That phase of the defendants’ motion seeking to suppress wiretap evidence as being violative of the defendants’ rights under the Fourth and Fourteenth Amendments of the United States Constitution is denied. (Olmstead v. United States, 277 U. S. 438; Schwartz v. Texas, 344 U. S. 199.)
The defendants have also requested a hearing to inquire into the legality of a “ search warrant, if any,” and arrest warrant. A search warrant and arrest warrant are matters of public record. Thus, the defendants are free to inspect the files of the County Clerk of Nassau County. Therefore, the defendants’ motion is denied without prejudice to a renwal thereof upon presentation of papers clarifying whether said warrants exist and the reasons for the alleged illegality.
The defendants’ motion to suppress any statements made in person to law-enforcement authorities is granted to the extent that a hearing shall be held immediately preceding trial. *1071 (Miranda v. Arizona, 384 U. S. 436; People v. Huntley, 15 N Y 2d 72.)
It is, therefore,
Ordered, that the defendants’ motion to reargue the previous decision of this court is granted and upon reargument the decision and order of March 30, 1965 are hereby withdrawn and vacated, and it is further
Ordered, that the District Attorney is directed to furnish the court with a copy of the New York City wiretap order and supporting affidavit, and it is further
Ordered, that the phase of the motion dealing with the propriety of the Nassau County wiretap order is restored to the Motion Calendar of the 30th day of November, 1966, and it is further
Ordered, that the defendants’ motion is otherwise disposed of as decided within the context of this decision.